[Civ. No. 244.   Second Appellate District.—June 22, 1906.]

O. M. STEVENSON et al., Respondents, *v.* I. C. WOOD-WARD et al., Defendants; ALBERT CASNER, Appellant.

MECHANICS' LIENS—ICE-ROOM BUILT IN WAREHOUSE—TRADE FIXTURE—IMPROVEMENT OF BUILDING—SUPPORT OF FINDING.—In an action to foreclose mechanics' liens against the owner of a warehouse with whose consent a lessee of part of the warehouse, engaged in the ice business, had constructed a large ice-room, where there is ample evidence to support the finding that such room was a part of the warehouse, and the uncontradicted evidence showed that it was so constructed that it could not be removed from the building without tearing it to pieces, it cannot be deemed a trade fixture belonging to the lessee, but must be deemed an improvement of the building, upon which the liens were enforceable.

ID.—QUESTION OF FACT—FINDING NOT REVIEWABLE.—The question whether the work done and materials furnished by the plaintiffs

were so affixed to the building as to become part of it was a ques-
tion of fact to be determined by the court upon the evidence before
it; and its finding as to a fact decided upon the weight of evidence
will not be reviewed.

ID.—EVIDENCE—DOOR CUT THROUGH WALL—LIEN NOT CLAIMED—PER-
MANENT ROOM—APPARENT INTENT OF OWNER.—Evidence was ad-
missible to show that a door was cut through the wall of the ware-
house, though no lien was claimed therefor, as tending to prove the
character of the ice-room in relation to its permanency, and the
apparent intent of the owner of the property in relation to its
future use.

ID.—RIGHTS OF LIEN CLAIMANT—CHARACTER OF IMPROVEMENT CON-
TROLLING—SECRET AGREEMENT.—The character of the improvement
controls when the rights of a lien claimant are involved, and where
it is so constructed as to affix it to the real property, and the claim-
ant has no information that it will be regarded otherwise, he may
well assume that he is making an improvement upon real property,
and that a right of lien may attach; and this right will not be
defeated by any secret agreement between the owner and lessee
that the improvement may thereafter be demolished by the lessee.

ID.—QUESTION AS TO LIEN UPON ICE-ROOM NOT INVOLVED.—That the
ice-room became a part of the warehouse building removes any
question as to the right to maintain a lien upon an ice-room as
distinguished from other structures covered by the mechanic's lien
law.

APPEAL from a judgment of the Superior Court of San
Bernardino County, and from an order denying a new trial.
Frank F. Oster, Judge.

The facts are stated in the opinion of the court.

R. E. Bledsoe, for Appellant.

Hight & Hight, for Respondents.

ALLEN, J.—Action to foreclose a mechanic's lien. Judg-
ment for plaintiffs. Appeal by defendant Casner from the
judgment and an order denying a new trial.

Appellant Casner was the owner of a warehouse in San
Bernardino. He leased floor space therein to one Woodward,
then engaged in the ice business, and Woodward employed
plaintiffs to construct an ice-room ten by sixteen by eight
feet in dimensions in said space so leased, with the knowl-

edge and consent of Casner. Plaintiffs furnished materials and did the work in the construction of such ice-room, and regularly filed their notice of lien. No notice was posted by the owner to the effect that he would not be responsible for the work done or materials furnished in the construction of such ice-room.

The court finds that said ice-room was built in said warehouse as a part thereof, and was securely attached to said warehouse so that the same could not be removed without injury thereto, nor without injury to such warehouse, and that said ice-room is a part of said warehouse.

It is claimed by appellant that such ice-room is but a trade fixture and as such was the personal property of the lessee, and no lien could be acquired against the real property of the appellant by reason of its construction. "Whether the materials furnished by the appellant were so affixed to the building as to become a part thereof was a question of fact to be determined by the court upon the evidence before it." (Bianchi v. Hughes, 124 Cal. 28, [56 Pac. 610].) There is ample evidence in the record to support the finding of the court that such ice-room was a part of the building, and the uncontradicted evidence was, that the ice-box as constructed could not be removed from the building without tearing it to pieces. "The finding of a court as to a fact decided upon the weight of evidence will not be reviewed." (Reay v. Butler, 95 Cal. 206, [30 Pac. 208].)

There was no error in receiving testimony as to cutting a door through the wall of the building into the ice-house, notwithstanding the work and labor connected therewith was omitted from the claim of lien. This was competent as tending to show the character of the ice-room in relation to its permanency, and the apparent intent of the owner of the property in relation to its future use. The character of the improvement controls when the rights of a lien claimant are involved, and where an improvement is constructed in such manner as to affix it to the real property, and the laborer has no information that it will be regarded otherwise than as suggested by the manner of construction, he may well assume that he is making an improvement upon real property, and that a right of lien may attach, and this right will not be defeated by any secret agreement between the owner and

lessee that the improvement may thereafter be demolished by the lessee at the expiration of the lease or at any other time. That the ice-room became a part of the warehouse building removes any question as to the right to maintain a lien upon an ice-room as distinguished from other structures covered by the mechanic's lien law.

We find no error in the record, and the judgment and order are affirmed.

Gray, P. J., and Smith, J., concurred.