[Civ. No. 17484. Second Dist., Div. Three. Sept. 11, 1950.]

WIRTH TYREE, Appellant, v. HERMAN E. EPSTEIN, Respondent.

William Jerome Pollack for Appellant.

A. Stewart Maddox, Jr., for Respondent.

SHINN, P. J.— Plaintiff filed his complaint for damages alleging that he had sustained injuries in an automobile accident July 22, 1947, for which the city of Los Angeles was liable and that he had recovered a judgment against the city for $22,500 which has not been paid; that following his accident he was attended in the Los Angeles County General Hospital by Herman E. Epstein, a licensed physician and surgeon, defendant in the present action; that the defendant was guilty of specified acts of malpractice; that he fraudulently concealed from plaintiff the extent of plaintiff's injuries, representing them to be merely temporary and that he also concealed the alleged acts of malpractice. Defendant demurred to the complaint and made a motion to strike certain portions thereof. One of the grounds of the demurrer was that the action was barred by the statute of limitations. The motion to strike was addressed to the allegations of the complaint with relation to discovery of the alleged malpractice and fraud. The ground of the motion was that the allegations were false. The motion was based upon the affidavit of defendant's attorney which purported to set forth allegations contained in plaintiff's complaint against the city with relation to his knowledge of his injuries which were claimed to be in conflict with the allegations of his complaint in the present action with reference to discovery. The affidavit further stated on information and belief that plaintiff had given his deposition in the suit against the city in which he testified concerning his injuries and submitted his injured arm for examination. In addition there was attached to the affidavit the hospital report of the operation on plaintiff's arm which was performed February 14, 1948, in which it appeared that defendant Epstein had assisted to some extent. The demurrer and motion were argued. The demurrer was sustained without leave to amend and the motion was ordered off calendar. The record indicates that only those portions of the affidavit which related to the hospital records and the alleged contradictory allegations in the complaint in the former action were considered by the court. After the demurrer was sustained without leave to amend judgment was entered in favor of defendant. It recites that it was stipulated that the specified portions of the affidavit of defendant's attorney should be deemed added to plaintiff's complaint as an amendment in ruling upon the motion and the demurrer. The briefs on the appeal are devoted in large extent to a discussion of the significance of the additional facts which

were thus brought to the court's attention. As far as we can determine the matter discussed is of strictly evidentiary character and wholly inappropriate for the consideration of the trial court or this court. In the present case plaintiff alleged discovery on a certain date, whereas it is claimed that his allegations in the former case show an earlier discovery. It may be that the trial court weighed one statement against the other, decided in favor of the earlier discovery, and in this manner found a reason for sustaining the demurrer upon the ground that the statute of limitations had run. We cannot hazard a guess upon this point. But if there were conflicting statements as to the time of discovery the question presented was one of fact and not of law. It is argued with apparent plausibility that there was no irreconcilable conflict between the two allegations, and we think it is manifest that the earlier allegations were not conclusive as to the date of discovery but were subject to explanation which, under the procedure here adopted, was not afforded to plaintiff. However this may be, plaintiff's rights should not have been determined on the basis of his former declarations, which were clearly susceptible of explanation.

More perplexing, however, is the injection into the case of a copy of the hospital report pertaining to plaintiff's operation. It reads as follows:

"County of Los Angeles    Department of Charities

Los Angeles County
General Hospital

REPORT OF OPERATION

Operator: Dr. Dueker

Surgical Service of: Dr. Patterson

Dictated by: Dr. Dueker

Date of Operation: February 14, 1948

Preoperative Diagnosis: Complete left radial nerve palsy at site of previous fractured humerus, which had been reduced openly and plated.

Postoperative Diagnosis: Traumatic transection of the left radial nerve at fracture site in middle third of the humerus.

Findings:

Operation: Exploration of left radial nerve.

.Procedure: Under brachial block anesthesia with pontocaine, the patient was placed supine and the left arm prepared in the usual manner and draped, using sterile stockinette. The old linear incision on the lateral aspect of the arm was resected. The radial nerve was isolated and found to be intact, at the lower pole of this wound and lying between the origin of the brachioradialis and radialis muscles. The nerve was bluntly dissected upwards into a dense scar formation, exposing the old fracture site. The proximal end of the nerve was located as it left the radial groove in the humerus and dissected free to its entanglement in the scar tissue. The proximal neuroma and distal glioma were resected back to good fasciculi. The nerve was freed in its distal tunnel to the elbow, which allowed approximation of the two ends. The nerve was sutured with fine wire on an atraumatic needle, and a bed of muscle plus a single layer of oxycel prepared for the suture site. Dr. Epstein of the Orthopedic Department inspected the region and decided that the plate need not be removed. The would was closed with #00 chromic sutures in deep tissue and interrupted black silk in the skin. The arm was placed in a circular cast in 90 degrees flexion. Patient returned to ward in good condition.

Is case clean?

Condition : 2/16/48

Risk : 2/17/48

Prognosis : rb

Copy to :

| Surname of Patient | First Name | Middle Name | P. F. No. | Ward |
|---|---|---|---|---|
| TYREE | WIRTH | | 1037-738 | 5800." |

Having read this report and being of the opinion, as counsel argue, that it is necessary to have an understanding of it and of its relation to and influence upon the sufficiency of the allegations of the amended complaint to state a cause of action, we have concluded to pursue the matter no further. There is statutory and traditional procedure for testing the sufficiency of a complaint on demurrer. It does not encompass the consideration by the court of evidentiary matters such as were here injected into the hearing, nor matters which would require the court to possess or employ expert knowledge within the realm of medical science in order to comprehend the signifi-

cance of the pleaded facts. Procedural innovations, consisting as they usually do of attempted short cuts, seldom result in improvements over the standard procedure which our courts have followed from the beginning. The present case is no exception.

The judgment is reversed; plaintiff should be allowed to amend his complaint if he desires to do so and the sufficiency of it to state a cause of action should be considered anew.

Wood (Parker), J., and Vallée, J., concurred.