[Civ. No. 18526. Second Dist., Div. One. Dec. 4, 1951.]

A. C. SHELLEY, Plaintiff and Appellant, v. BEN KOFKA et al., Defendants and Appellants.

N. E. Youngblood for Plaintiff and Appellant.

Irwin R. Buchalter and Murray M. Fields for Defendants and Appellants.

DRAPEAU, J.—Plaintiff furnished and laid carpet upon certain floors in defendants' dwelling house. One thousand dollars was paid to plaintiff on account by defendants' interior decorator. When, upon completion of the work, plaintiff's bill for the balance due of $2,223.74 was presented to them defendants refused to pay it.

Plaintiff's complaint was in two counts: First, for the reasonable value of the carpet; and, secondly, for the foreclosure of his asserted mechanic's lien upon defendants' real property.

As to the first count, the trial court found that defendants purchased the carpet from the interior decorator as an independent contractor and not from plaintiff; that defendants were billed for the carpet by the interior decorator and they paid him in full; and that plaintiff did not sell and deliver the carpet to defendants.

Then, notwithstanding the foregoing findings, the court found that $2,000 was the reasonable value of the carpet and that defendants were indebted to plaintiff in the sum of $1,000, "inasmuch as $1,000 had been paid to plaintiff" by the interior decorator. Judgment for plaintiff for $1,000 was directed in accordance with this finding.

No findings were made as to the second count, defendants' motion for a nonsuit as to that count having been granted.

Plaintiff testified that the reasonable value of the carpet as laid upon the floors of defendants' house was $3,223.74. There was no other testimony as to value. Therefore, if plaintiff was entitled to a judgment at all, it should have been for $2,223.74. As to the fact of indebtedness, however, the record would support a finding, either that the carpet was laid at the instance and request of defendants, or that plaintiff dealt directly with an independent contractor.

The house was furnished and decorated by an interior decorator employed by defendants. Plaintiff and the interior decorator testified that the defendant wife talked with plaintiff

before the carpet was laid, and that she was advised by them that she was to pay plaintiff for it. Defendant wife testified that she never knew or met plaintiff, nor had she had any conversation with him until she got his bill, whereupon she telephoned him that she had already paid the interior decorator. And the exhibits show that defendants paid the interior decorator $5,175, for which they received only the carpet and some material.

Plaintiff and defendants both appeal from the judgment. Plaintiff appeals also from the order of nonsuit.

 While findings are to receive such construction as will uphold rather than defeat a judgment, and are to be read together and liberally construed (*Johndrow* v. *Thomas*, 31 Cal.2d 202 [187 P.2d 681]) and it is the duty of an appellate court to reconcile the findings if that can be reasonably done, (*Ungemach* v. *Ungemach*, 61 Cal.App.2d 29 [142 P.2d 99]), in this particular case it seems impossible to resolve the conflict in the findings without passing upon the weight, value and effect of the evidence. Therefore, the judgment will have to be reversed and these issues sent back to the superior court for a new trial.

 This leaves for consideration the question whether the order of nonsuit should have been made. In granting the motion, the trial judge indicated that he did not think a mechanic's lien would lie for carpet in any circumstances.

The question is not that easy of solution. The applicable part of section 1183 of the Code of Civil Procedure provides for mechanics' liens to persons furnishing labor and material used in the "construction, alteration, addition to, or repair" of any building. Our Constitution of 1879 declares that "mechanics, materialmen, artisans, and laborers of every class shall have a lien upon the property upon which they have bestowed labor or furnished materials. . . ." (Const., art. XX, § 15.)

It was said in *Stevenson v. Woodward*, 3 Cal.App. 754 [86 P. 990] : ". . . where an improvement is constructed in such manner as to affix it to the real property, and the laborer has no information that it will be regarded otherwise than as suggested by the manner of construction, he may well assume that he is making an improvement upon real property, . . ." See, also, 17 Cal.Jur. 35, for a recital of articles placed in buildings held to be lienable, such as screen doors, counters, shelving, wainscoting, etc.

So here we have a question of fact presented to the trial court for determination: Was the carpet affixed to, was it part of real property? Or was it removable personal property?

The testimony on this issue was that the carpet was secured to the floor with tack stripping, wall to wall, and nailed around floor casings; "it was nailed to the floor." Tack stripping is a means of securing the carpet to the floor by a piece of wood nailed about one-half inch from the base line. If the carpet is taken up, the tack stripping leaves holes in the floor. And the floors upon which this particular carpet was laid were so irregular in form that if the carpet were taken up it would have had little salvage value. On the other hand, it was testified that the carpet was laid by tackless stripping and could have been taken up without injury to the house or floor.

Under familiar and oft-stated rules relative to nonsuits, the evidence in this case was sufficient to require the determination by the trial court of the controlling fact heretofore stated. Therefore, it was error to grant a nonsuit.

The judgment and the order granting a nonsuit are, and each of them is, reversed. Each party to bear his own costs on appeal.

White, P. J., and Doran, J., concurred.