[Civ. No. 16055.   First Dist., Div. One.   Mar. 4, 1954.]

SAN FRANCISCO UNIFIED SCHOOL DISTRICT, Respondent, v. HONG MOW, Appellant.

Phil F. Garvey for Appellant.

Dion R. Holm, City Attorney (San Francisco), and Norman Sanford Wolff, Deputy City Attorney, for Respondent.

WOOD (Fred. B.), J.—In a proceeding in eminent domain to acquire certain real property of the defendant, judgment was rendered in favor of the plaintiff, assessing defendant's compensation and damages at $17,500 and awarding him costs in the sum of $47.09. Defendant appealed from the judgment and that appeal is pending.

After entry of the judgment and payment of the full amount of the judgment into court by plaintiff for the benefit of the defendant the trial court upon motion of plaintiff made and filed an order authorizing plaintiff "to take possession of and use the property so condemned for the purposes for which the same has been condemned as aforesaid, during the pendency and until the final conclusion of this action or proceeding, and that all actions and proceedings against said plaintiff on account thereof be stayed." Such an order finds sanction, under appropriate circumstances, in section 1254 of the Code of Civil Procedure.

Defendant has appealed from the order authorizing possession and plaintiff has moved to dismiss that appeal upon the sole ground that such an order is not appealable. Our analysis of the applicable statutes and pertinent judicial decisions convinces us that the order is appealable.

The inquiry starts with section 963 of the Code of Civil Procedure. It states that "An appeal may be taken from a superior court in the following cases: 1. From a final judgment entered in an action, or special proceeding, commenced in a superior court, . . . 2. . . . from any special order made after final judgment . . ."

■ There is no doubt that the judgment herein which fixed the compensation and damages for the taking is a "final judgment" within the meaning of that term as used in subdivisions 1 and 2 of section 963. (See *California Southern R. Co.* v. *Southern Pac. Co.*, 67 Cal. 59, 63 [7 P. 123]; *McDaniels* v. *Dickey*, 219 Cal. 89, 92 [25 P.2d 404]; *City of Los Angeles* v. *Deacon*, 3 Cal.2d 641, 645 [46 P.2d 165].)

■ Nor is there any doubt that the subsequent order authorizing possession, is a "special order made after final judgment." It meets the test for such a special order in that it affects the judgment or bears a relation to it, in this case by implementing or enforcing the judgment. For example, an order for the sale of perishables, made after judgment and during the pendency of an appeal, is a special order made after final judgment and as such is appealable. (*Rogers* v. *Superior Court*, 158 Cal. 467 [111 P. 357].)

■ Of more immediate precedential value is the fact that a "final order of condemnation" (Code Civ. Proc., § 1253) is appealable as a special order made after final judgment (*California Southern R. Co.* v. *Southern Pac. Co., supra,* 67 Cal. 59, 63; *McDaniels* v. *Dickey, supra,* 219 Cal. 89, 92).

These provisions of section 963 are in part two of the code

and thus included in the rules of practice and the provisions for new trials and appeals which sections 1256 and 1257 make applicable to proceedings in eminent domain, to the extent that they are not inconsistent with the provisions of the title (§§ 1237-1266.2) on eminent domain. Does that title contain provisions which are so inconsistent with section 963 as to render an order for possession nonappealable?

Plaintiff claims it has found "inconsistent" provisions in sections 1254 and 1257 of that title.

■ Section 1254 states that the trial court when it makes an order authorizing a plaintiff to take possession "may, if necessary, stay all actions and proceedings against the plaintiff on account thereof." This clause, presumably, gives the trial court authority, in its sound discretion, to stay all actions and proceedings which would interfere with plaintiff's "possession of and use of the property during the pendency of and until the final conclusion of the litigation," which the very same section (1254) says the plaintiff is to have upon the terms and under the conditions stated in that section.

■ When the trial court exercises this authority to "stay" actions and proceedings which would "interfere" with plaintiff's possession, there is no necessary inference that an appeal from the judgment or from the order for possession is stayed, much less prohibited. Indeed, the order for possession is made "after . . . judgment entered or pending an appeal from the judgment" and is designed to give plaintiff continuous possession "until the final conclusion of the litigation." .

■ Moreover, the words "actions and proceedings" do not necessarily include "appeals," and an appeal from the judgment or from an order for possession does not "interfere" with the plaintiff's possession unless it stays or suspends the present operative effect of the judgment or the order. So, the clause of section 1254 which plaintiff invokes could, at most, mean that such an appeal shall not of itself suspend or interfere with plaintiff's possession and use of the property. It does not mean that there shall be no appeal to test the validity of the order or of the judgment upon jurisdictional or procedural grounds or upon any other ground.

■ Section 1257 speaks of the right of a plaintiff in eminent domain, under certain circumstances, to enter into, improve, and hold possession of the property, and then declares that "no motion for new trial or appeal shall, after

such payment and filing of such bond[*] as aforesaid, in any manner retard the contemplated improvement." Here again we have the concept of preventing interference with plaintiff's possession, use and improvement of the property, this time expressly directed to "motion for new trial or appeal." Indeed, it is predicated upon the existence of a right to move for a new trial or to appeal, a right accorded by other provisions of law, particularly "the provisions of part two of this code, relative to new trials and appeals," which the forepart of the very same section (1257) incorporates by reference , and makes applicable to proceedings in eminent domain.

Neither of the clauses of sections 1254 and 1257 which plaintiff invokes indicates or suggests, expressly or by implication, a legislative intent to deny or preclude the right of appeal from an order for possession which section 963 clearly accords. It would require unmistakably clear language, indeed, to derive from a statute and ascribe to the Legislature an intent to depart from the fundamental policy of providing for the review of judicial orders and decrees, a policy declared in our Constitution by necessary implication if not in those very words and implemented by the Legislature, consistently and unwaveringly, by its enactments throughout the years.

Although no decision which discusses the specific points presented by plaintiff upon this appeal has come to our attention, there are at least two decisions in each of which the reviewing court entertained and decided an appeal from an order for possession made after judgment in an eminent domain proceeding. (*County of San Mateo* v. *Coburn,* 130 Cal. 631, 637 [63 P. 78, 621] ; *City of Los Angeles* v. *Oliver,* 110 Cal.App. 248, 250, 253 [294 P. 760].) The only case we have found in which an order for possession was deemed nonappealable, is *Central Contra Costa etc. Dist.* v. *Superior Court,* 34 Cal.2d 845 [215 P.2d 462]. But that was an order made before, not after, final judgment.

Thus, it is clear that the motion to dismiss the appeal from the order for possession must be denied. The sole issue, of course, is the appealability of the order and nothing said herein is determinative of any other aspect of that order;

*In certain types of cases provision is made for the filing of a bond to assure the building of crossings, fences and cattleguards. (See Code Civ. Proc., § 1251.)

e.g., whether or not the appeal does, or might under some set of circumstances, stay or suspend the operative effect of the order.

The motion to dismiss the appeal from the order for possession is denied.

Peters, P. J., and Bray, J., concurred.