[Civ. No. 16298.   First Dist., Div. One.   June 7, 1955.]

LOS ALTOS SCHOOL DISTRICT OF SANTA CLARA COUNTY, Respondent, v. H. S. WATSON et al., Appellants.

Atkinson, Farasyn & London for Appellants.

Spencer M. Williams, County Counsel, Wade H. Hover and Joan A. Symon, Deputy County Counsel, for Respondent.

WOOD (Fred B.), J.—In this proceeding in eminent domain the defendant has taken a timely appeal from the final order of condemnation as that term is used in section 1253 of the Code of Civil Procedure.

He is complaining of an asserted insufficiency of the findings of fact upon which the judgment which determined the right to condemn and fixed the amount of damages is based. Such a question is not within the purview of this appeal, particularly in view of the fact that the notice of appeal was filed more than 60 days after entry of the judgment.†

However, we will discuss the point defendant raises because it bears some relation to the final order of condemnation.

Defendant assigns as reversible error the failure of the trial court expressly to find on the question whether plaintiff had obtained reports from the county planning commission and the state department of education concerning the site and its acquisition, reports required by sections 18403 and 18404 of the Education Code.

Those sections declare that "before *acquiring title* to property for a new school site" the school district board shall

---

†The parties have failed to observe the distinction between the "judgment" and the "final order of condemnation" (see *San Francisco Unified Sch. Dist.* v. *Hong Mow*, 123 Cal.App.2d 668, 670 [267 P.2d 349], paragraphs [1] and [3]). They discuss this as if it were an appeal from the final judgment instead of an appeal from a special order made after final judgment, as those terms are used in section 963 of the Code of Civil Procedure.

advise the planning commission having jurisdiction (in this case, the county planning commission) and the state department of education of the proposed acquisition and "shall not *acquire title* to the property" until it has received the report of each or until 30 days after receipt of the report if the report does not favor the acquisition. (Emphasis added.)

Defendant contends the findings of fact are fatally defective because they are silent on the subject of these reports. There are several answers to this contention.

The findings were completely responsive to all of the issues framed by the complaint and the answer.

■ The subject of these reports was not a matter which subdivision 3 of section 1244 of the Code of Civil Procedure requires a complaint in eminent domain to contain. ■ A "statement of the right of the plaintiff" as used in section 1244 does not, for example, mean that plaintiff must allege it was empowered by a valid or any resolution of its board to proceed in condemnation. (*Central Pac. Ry. Co.* v. *Feldman,* 152 Cal. 303, 308 [92 P. 849].) It "has reference only to a statement of the legal right or authority of the plaintiff to exercise the power of eminent domain, and, as against a general demurrer, the complaint before us sufficiently complied with the mandate of the statute by alleging, in effect, that the taking was sought pursuant to the provisions of Title VII, Part III, of the Code of Civil Procedure." (*Kern County Union High Sch. Dist.* v. *McDonald,* 180 Cal. 7, 10 [179 P. 180].) ■ It is not necessary to plead compliance with section 1242 in respect to the location of the site; i. e., when the complaint and answer are silent, no issue is presented on the question whether or not the property is "located in the manner which will be most compatible with the greatest public good and the least private injury." ■ If it becomes an issue the defendant has the burden of proof. ■ In the absence of evidence, the act of the school district in selecting a site must be presumed correct and lawful. (*Montebello etc. Sch. Dist.* v. *Keay,* 55 Cal. App.2d 839 [131 P.2d 384].) ■ Accordingly, we believe it is not necessary to allege in the complaint that the reports mentioned in sections 18403 and 18404 of the Education Code have been received and, if they are adverse, that 30 days have elapsed since their receipt. If a defendant de-

sires to present an issue concerning such reports he should be required to do so by answer, which this defendant did not do.

Moreover, we think a defendant could not properly raise such an issue at that stage of the proceeding, if at all. ■ The institution of an eminent domain proceeding is not conditioned upon the obtaining of such reports. They antedate *acquisition of title*, not the mere commencement or maintenance of a condemnation suit. The school district cannot "acquire title" until after rendition of judgment determining the right to condemn and fixing the amount of compensation to be paid, and thereafter not until the "payments have been made" and the "final order of condemnation" has been "filed in the office of the recorder of the county." Thereupon, "the property . . . shall vest in the plaintiff." (Code Civ. Proc., § 1253; *Russekov* v. *McCarthy Co.*, 206 Cal. 682, 687 [275 P. 808].)

■ Finally, if the fact of the receipt of the reports in question is a matter for determination in such a proceeding as this, a recital in the final order of condemnation that "all acts required of plaintiff have been duly done and performed, and that plaintiff is now entitled to a Final Judgment [order] of Condemnation" should satisfy all requirements, especially when, as here, the appeal is upon the judgment roll only. Also, it happens that the record before us has been augmented (upon the motion of the respondent) to include certain evidence introduced at the trial which demonstrates that the state department of education reported on June 9, 1953, and the county planning commission on June 19, 1953, each favorably to the acquisition. The trial started June 15th; verdict was rendered June 26th; findings were filed July 17th; judgment was entered July 20th; and the final order of condemnation was filed August 13, 1953.

During oral argument counsel for appellant raised an additional question. He challenged the sufficiency of the investigations made by the county planning commission and the state department of education, respectively. This point is without merit. The statute merely requires these bodies to "report." It does not indicate what investigation, if any, either of them must make before formulating its report, a report which is merely advisory, not binding upon the local board. Even if the sufficiency or adequacy of those investigations were justiciable, defendant has not furnished the kind

of record which is appropriate for the consideration of such a question upon appeal.

The order appealed from (the final order of condemnation, which bears the designation "Final Judgment of Condemnation" and was dated and filed August 13, 1953) is affirmed.

Peters, P. J., and Bray, J., concurred.

A petition for a rehearing was denied July 7, 1955, and appellants' petition for a hearing by the Supreme Court was denied August 3, 1955.