[Civ. No. 17156.  First Dist., Div. One.  Apr. 4, 1957.]

H. S. WATSON, Appellant, v. LOS ALTOS SCHOOL
DISTRICT et al., Respondents.

Atkinson, Farasyn & London for Appellant.

Spencer M. Williams, County Counsel (Santa Clara), and
Joan A. Symon, Deputy County Counsel, for Respondents.

PETERS, P. J.—Watson, on behalf of himself and the other taxpayers in the school district, brought this action against the district to enjoin it from acquiring his property, which had already been condemned, and from disbursing any school district funds for that purpose. If the funds have already been disbursed and the property already acquired he seeks a rescission of the transaction. The school district's demurrer was sustained without leave to amend, and judgment was entered accordingly. Watson appeals.

Watson individually, the school district and the general subject matter of the litigation have previously been before this court. In *Los Altos School Dist.* v. *Watson,* 133 Cal.App. 2d 447 [284 P.2d 513], it was held that Watson had no legal grounds to complain of a judgment determining that the school district had the right to condemn his property, and this court affirmed the final order of condemnation entered pursuant to that judgment. Watson then brought the present action.

The complaint in the present action alleges that the governing board of the district adopted a resolution on March 23, 1953, finding that the public interest and necessity required the acquisition of the property involved, and directing the county counsel to prosecute an action in eminent domain to acquire it; that pursuant thereto the condemnation action was commenced, a verdict rendered, and a final judgment entered in favor of the school district providing that Watson be paid $36,226 for his property; that in acquiring the property the school district did not comply with sections 18403 and 18404 of the Education Code; that this failure makes the acquisition unlawful and contrary to public policy; that unless the district is enjoined the taxpayers "will suffer public embarrassment in that the disbursement of said funds by said defendants is unlawful and unauthorized"; that the intended expenditure will cause funds to be lost to the district and not recoverable; that because of the unlawful award the taxpayers of the district will be subject to a greater burden of taxation; and that Watson has no plain, speedy and adequate remedy at law.

On the previous appeal Watson, individually, attacked the judgment upon which the final order of condemnation was predicated as being unsupported by some claimed essential finding of fact. Specifically, he complained of the same alleged defect in the condemnation procedure here alleged, namely, the claimed failure of the school district to comply with the

provisions of sections 18403 and 18404 of the Education Code.* It was his claim on the previous appeal that the failure of the trial court to find expressly on this issue was reversible error. This court gave several alternative grounds for holding that the omission was not fatal. One such ground was that the recital in the final order of condemnation that "all acts required of plaintiff have been duly done and performed" satisfied the requirement, if one existed, of a finding on this issue. In addition, as an independent alternative ground of its opinion, the court pointed out that the record as augmented demonstrated that the reports in question were sought and secured by the board within the time limits specified in the sections, and that both reports were favorable. In this connection this court stated on the prior appeal (133 Cal.App.2d 447, at p. 450 [284 P.2d 513]): "Also, it happens that the record before us has been augmented (upon the motion of the respondent) to include certain evidence introduced at the trial which demonstrates that the state department of education reported on June 9, 1953, and the county planning commission on June 19, 1953, each favorably to the acquisition. The trial started June 15th; verdict was rendered June 26th; findings were filed July 17th; judgment was entered July 20th; and the final order of condemnation was filed August 13, 1953."

On the present appeal the parties argue several issues. They first argue over whether the prior determination is res judicata in the present proceeding. We may assume that it is not, either because such defense in this case cannot be raised by demurrer, or that the parties are not the same, that is, because Watson appears in different capacities in the two actions, or for other reasons. The parties also argue over

---

*Section 18403, at the time here involved, provided: "To promote safety to pupils and comprehensive community planning the governing board of each school district before acquiring title to property for a new school site shall advise in writing the planning commission . . . [which] shall investigate the proposed site and within 30 days shall submit to the governing board a written report of the investigation together with recommendations concerning the site.

"The governing board shall not acquire title to the property until the report of the planning commission has been received. If the report does not favor the acquisition of the property for a school site, the governing board of the school district shall not acquire title to the property until 30 days after the commission's report is received." Section 18404, in substantially similar language, requires the governing board to secure a similar report from the State Board of Education. (The sections were both amended, in particulars not here relevant, in 1955.) (Stats. 1955, p. 1500, chap. 877, § 26; p. 1501, chap. 877, § 27; p. 2638, chap. 1451, § 1.)

whether sections 18403 and 18404 of the Education Code are mandatory or merely directory.* These are both interesting questions, but they need not be discussed on the present appeal. This is so because we are of the opinion that the trial court was entitled to take judicial notice of certain facts that demonstrate that the complaint on file is a sham and contains false allegations.

The situation presented is simply this: The complaint is based on the theory of noncompliance with the Education Code sections. It alleges such noncompliance as follows:

"That plaintiff is informed and believes and upon such information and belief alleges that at no time did defendants or each of them adhere to or abide by the provisions of sections 18403 and 18404 of the Education Code of the State of California." ■ Of course, normally the allegations of the complaint must be taken at face value and must be assumed to be true. (*Tyree* v. *Epstein,* 99 Cal.App.2d 361 [221 P.2d 1002].) But here the trial court knew and this court knows as a fact that in the records of the prior appeal are unchallenged documents which conclusively demonstrate that the allegation above quoted is untrue. These documents conclusively establish that the school district did obtain within the times specified the required reports from both the county planning commission and the State Department of Education. It would be a travesty on justice were we required in this proceeding to ignore these exhibits, and were we required to send the case back for a trial that we know would end in but one way—a holding that such compliance had been had. No such ridiculous result is necessary. The rule is well settled that a complaint otherwise good on its face is nevertheless subject to demurrer when facts judicially noticed render it defective. As pointed out in 2 Witkin, California Procedure, page 1185: "The theory is that the pleader should not be allowed to by-pass a demurrer by suppressing facts which the court will judicially notice. The principle is that of *truthful pleading,* and is applied for the same reason as in the similar

---

*The school district argues that the sections are not mandatory because section 1241, subdivision 2 of the Code of Civil Procedure makes the resolution of the governing board of a school district that recites that public interest and necessity require the acquisition of the property "conclusive evidence" that the proposed improvement "is planned or located in the manner which will be most compatible with the greatest public good." This section was made applicable to school districts in 1949 (Stats. 1949, p. 1539, chap. 802) and is later in time to the two Education Code sections which were first adopted in 1939. (Stats. 1939, p. 1825, chap. 476.)

situation of pleaded exhibits which contradict allegations.''
There are many examples where facts judicially noticed have
been used to support a demurrer. (*Chavez* v. *Times-Mirror
Co.*, 185 Cal. 20 [195 P. 666] ; *People* v. *Oakland Water Front
Co.*, 118 Cal. 234 [50 P. 305] ; *Wilson* v. *Loew's Inc.*, 142 Cal.
App.2d 183 [298 P.2d 152] ; *Pike* v. *Archibald*, 118 Cal.App.
2d 114 [257 P.2d 480] ; *Livermore* v. *Beal*, 18 Cal.App.2d 535
[64 P.2d 987] ; see also 40 Cal.L.Rev. 192; 10 So.Cal.L.Rev.
513.)

█ Although it has been held that the courts may not take
judicial notice of related prior proceedings in the same case,
that rule is not without exceptions. As was said in *City of
Los Angeles* v. *Abbott*, 217 Cal. 184, 192 [17 P.2d 993], to
refuse to take judicial notice of prior related proceedings
when justice requires it ''would be to blink the perceptive
sense of courts to a degree not consistent with the increasing
need for a more practical and efficient method in the adminis-
tration of the law. . . . The rule precluding the court from
taking judicial notice of its judgment in another case is not
an inflexible one, and has several exceptions . . . the rule is not
based on lack of power but is a rule of expediency, to be
applied or refused application as the equities and justice of the
cases require.'' (See generally *Hammell* v. *Britton*, 19 Cal.2d
72 [119 P.2d 333] ; *Muller* v. *Reagh*, 148 Cal.App.2d 157
[306 P.2d 593].)

It should also be noted that the State Board of Education
is, of course, a state agency. █ The planning commission
is a county agency, and the county, of course, is a legal depart-
ment of the state. (See generally, 13 Cal.Jur.2d 347, § 2.)
Section 1875, subdivision 3, of the Code of Civil Procedure
provides that courts may take judicial notice of ''Public and
private official acts of the legislative, executive and judicial
departments of this state and of the United States.'' Under
this section, or prior to it, it has been held that the courts
may notice who fills the various county offices within the
court's jurisdiction and the genuineness of their signatures
(*Wetherbee* v. *Dunn*, 32 Cal. 106) ; of the reports of the Debris
Commission and of state engineers (*Gray* v. *Reclamation Dist.
No. 1500*, 174 Cal. 622 [163 P. 1024]) ; letters from the U.S.
Secretary of State to the U.S. Attorney General (*Brownell* v.
*City & County of San Francisco*, 126 Cal.2d 102 [271 P.2d
974]) ; records of the State Department of Social Welfare
(*Adoption of McDonnell*, 77 Cal.App.2d 805 [176 P.2d 778] ;
records of the State Medical Examiners (*McPheeters* v. *Board*

*of Medical Examiners,* 74 Cal.App.2d 46 [168 P.2d 65]) ; and the public records of a municipality relating to the election of a municipal judge (*Chambers* v. *Ashley,* 33 Cal.App.2d 390 [91 P.2d 932]). ■ These cases are authority, if such were needed, that the trial court and this court have the power to take judicial notice of the records in question.

■ Exercising the power thus involved, it is apparent that the complaint does not state a cause of action. The records alleged, on information and belief, not to have been filed have in fact been filed. This is the sole basis of the complaint. Without the allegation of noncompliance the complaint would be obviously vulnerable. The trial court was entitled to judicially notice that compliance in fact had been had. The complaint was therefore demurrable.

The judgment appealed from is affirmed.

Bray, J., and Wood (Fred B.), J., concurred.