[Civ. No. 27016.   Second Dist., Div. Four.   Jan. 15, 1964.]

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, Plaintiff and Appellant, v. COUNTY OF LOS ANGELES et al., Defendants and Respondents.

110

Samuel B. Stewart, Robert H. Fabian and George L. Beckwith for Plaintiff and Appellant.

Harold W. Kennedy, County Counsel, and A. R. Early, Deputy County Counsel, for Defendants and Respondents.

BURKE, P. J.—Plaintiff seeks a refund of taxes paid under protest to defendants, the County of Los Angeles and certain cities for which it collects taxes. The taxes in question were levied on several electronic computer systems installed in various buildings owned by plaintiff. The trial court held the systems to be fixtures and taxable as improvements to real property. Plaintiff appeals from such judgment.

The sole issue before the trial court was the taxability of such property as fixtures. If such equipment constitutes personal property, defendants admittedly have no power to tax it. (Cal. Const., art. XIII, § 16, subd. 1 (a); Rev. & Tax. Code, §§ 23181, 23182.) ▮ The excess franchise tax imposed on national banks is in lieu of any tax on personal property. (Rev. & Tax. Code, § 23186.)

Plaintiff contends that an article is not a fixture unless permanently attached to the land or to improvements on the land, citing sections 104 and 105 of the Revenue and Taxation Code and section 660 of the Civil Code;[1] that perma-

---

[1] Revenue and Taxation Code, §104: " 'Real estate' or 'real property' includes:

"(a) The possession of, claim to, ownership of, or right to the possession of land.

"(c) Improvements."

Revenue and Taxation Code, §105: " 'Improvements' includes:

"(a) All buildings, structures, fixtures, and fences erected on or

nence is a matter of manifested intention, citing *M. P. Moller, Inc.* v. *Wilson*, 8 Cal.2d 31, 37 [63 P.2d 818], which states: "This court has recognized the test of intention to make the article a permanent addition to the realty as manifested by the physical facts, and has accepted the character of the annexation and the use for which the article is designed as subsidiary elements employed for the purpose of testing the intention of permanency."

The physical facts, plaintiff asserts, demonstrate the intention to have the equipment retain its character as personal property, because (a) the function performed is the same as that formerly performed by bookkeepers using manually operated, electrically driven mechanical equipment; (b) the dimension, weight and physical characteristics of the equipment lend to the conclusion that it is personal property (the equipment weighed less than the manually operated counterparts and occupied less area; sorter-readers, for example, are equipped with rollaway casters, and sorters can be divided into three sections which are readily movable) ; (c) the method of connection between the components manifests a temporary condition (some plug connections were used) ; (d) the assessed equipment in one building occupied only 5 per cent of the building; the floor design was to obtain flexibility to permit movement of the equipment; the temperature and humidity controls were established with minimums and maximums to satisfy the needs of the employees, not the equipment (the defendants' own witness was in doubt at first as to the proper classification for the equipment; the buildings were designed as accounting centers and this does not render the computer installations improvements to the real property) ; (e) the bank moved many components in the past and intended to do so in the future; (f) the useful life of the equipment ranges from 6 to 10 years, and that of the buildings approximately 50 years; (g) double taxation would result in this case since national banks pay an excess franchise tax in lieu of personal property taxes from which they are exempt, as heretofore indicated. Plaintiff cites *Pajaro Valley*

affixed to the land, except telephone and telegraph lines."

Civil Code, §660: "A thing is deemed to be affixed to land when it is attached to it by roots, as in the case of trees, vines, or shrubs; or imbedded in it, as in the case of walls; or permanently resting upon it, as in the case of buildings; or permanently attached to what is thus permanent, as by means of cement, plaster, nails, bolts, or screws; . . ."

*Bank* v. *County of Santa Cruz*, 207 Cal.App.2d 621 [24 Cal. Rptr. 639], in which the court held that safe deposit boxes placed in a vault in a national bank were personal property and not assessable. The court there rejected the functional unity and constructive annexation theories relied upon by defendants herein.

Here, the trial court viewed the installations and upon conclusion of the trial decided for defendants. The court made the following findings of fact, in part:

"IV

"All of said systems included several major components as described in plaintiff's Exhibit 12 which were interconnected by a mass of thousands of signal wires and cables housed underneath the floor on which they were installed. Some of the individual major components can be separately operated for special purposes, but the major component parts are principally operated as an accounting unit. Each and every part of each system is essential to the performance of the overall accounting functions for which the systems are designed.

"V

"The component parts of each system were effectively held in place by their substantial weight, by the mass of interconnecting wiring passing beneath the floor on which said components were installed, and by other devices.

"VI

"The two data bossers and related equipment which were the subject of the 1960 tax assessment in the third cause of action in Case No. 758,864 and the subject of the 1961 tax assessment in the eighth cause of action in Case No. 784,689 are effectively held in place by their substantial weight and are further affixed by rigid metal compressed air pipes which join them with an air compressor installed in the same building. They produce credit cards used in plaintiff's business. Because they are now functionally obsolete, plaintiff plans to move one data bosser from Los Angeles to San Francisco for modification, and to replace it with a modified data bosser which was in San Francisco at the time of trial, such modification costing approximately Twenty-Seven Thousand Dollars ($27,000.00).

"VII

"The physical facts indicate that, except for emergencies,

plaintiff intends and intended all of these electronic computer systems and the two data bossers and their related equipment to remain in place until necessary to remove them for repair or improvement or because of economic or functional obsolescence.''

█ Our review of the proceedings indicates that there was substantial evidence to sustain the findings of the trial judge and that the findings support the judgment. We concur in the contention of defendants that the equipment in question was properly taxable as fixtures because:

(1) The buildings themselves (six out of the seven involved) were special purpose buildings, designed as accounting centers requiring the computer systems (*City of Los Angeles* v. *Klinker*, 219 Cal. 198, 203 [25 P.2d 826, 90 A.L.R. 148]) ; (2) the components of each system were interconnected by hundreds of signal and power cables; the floor of the buildings was raised to accommodate the cables, each of which contained from two to fifty wires; (3) air conditioning and humidity control was installed for optimum operating efficiency of the computers as the magnetic tapes which were utilized were sensitive to heat and humidity changes; (4) the buildings had fewer windows than the usual commercial building and were located with ready access to freeways or main arteries and a constant electrical power source; (5) less expensive sites were used avoiding prime military target areas; (6) each building was designed with room for expansion; (7) the raised floor was particularly a deviation in construction, at great cost, solely for the computer systems, and was not installed throughout the entire building; █ (8) the great expense incident to moving heavy equipment makes for permanence of location (*Southern Cal. Tel. Co.* v. *State Board*, 12 Cal.2d 127, 137 [82 P.2d 422]) ; (9) the size and weight (11 tons to each system) likewise militate against moving, regardless of the method of attachment to the building (in *Bell* v. *Bank of Perris*, 52 Cal.App.2d 66, 76 [125 P.2d 829], the court quoted from Corpus Juris to the effect that '' 'Retention in place by gravity, without any fastening, has been not infrequently held to be insufficient, but the later cases usually regard this as sufficient, provided the intention to make the article part of the realty plainly appears and the article or structure is so heavy that it is as effectively kept in place by gravity as if it were fastened.' ''); (10) the difficulty attending removal is indica-

tive of intended permanency; substantial expense was entailed in relocation of any of the components requiring much labor and highly skilled electronic technicians; (11) actual physical connection was present in the instant case, hundreds of cables containing thousands of wires passed beneath the floors and connected the component units; (12) in the case of the data bosser machines, used to print plastic credit cards, connections to air compressors were made by rigid iron pipes in another room; (13) the case of *Southern Cal. Tel. Co.* v. *State Board, supra,* 12 Cal.2d 127, at page 136, enunciates a unit-for-use rule which is applicable here: "The fact that articles affixed are necessary or convenient to the use of a building for the purpose for which it is designed is generally treated as tending to indicate they are realty"; (14) function is not determinative as a test of annexation (*City of Los Angeles* v. *Klinker, supra,* 219 Cal. 198, 210, in which printing presses were held assessable as fixtures); (15) the administrative interpretation by the assessor may be considered by the court and given such weight as it sees fit (judicial notice may be taken of the Assessor's Handbook, *Watson* v. *Los Altos School Dist.,* 149 Cal.App.2d 768, 772 [308 P.2d 872]); (16) the law presumes the assessment to be correct and the burden of proof otherwise is upon plaintiff; (17) permanence is to be distinguished from perpetuity; (18) the issue of taxability is a question of fact determinable by the trial court upon the evidence regarding annexation showing the intention with which the computers were annexed as manifested by reasonable outward appearances. (*Knell* v. *Morris,* 39 Cal.2d 450, 456 [247 P.2d 352]; *M. P. Moller, Inc.* v. *Wilson, supra,* 8 Cal.2d 31, 39; *Shelley* v. *Kofka,* 107 Cal.App.2d 827 [237 P.2d 984].)

The trial court personally viewed the premises involved and inspected the installations. Such view is evidence though not reflected in the record. (*County of San Diego* v. *Bank of America,* 135 Cal.App.2d 143, 149 [286 P.2d 880]; *Anderson* v. *State of California,* 61 Cal.App.2d 140, 145 [142 P.2d 88].) Such visual observation may have been the deciding factor in the court's testing of the intention of permanency as manifested by the physical facts. But without such evidence the record otherwise discloses adequate evidence to support the factual determinations of the trial court.

No errors of law appear in the record. The court's conclu-

sion that the computer systems were fixtures is supported by substantial evidence, and, absent error, is conclusive upon this court.

The judgment is affirmed.

Jefferson, J., and Kingsley, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 11, 1964.