**NATIONAL CASH REGISTER,**
Appellant,

v.

**Gordon E. RINER et al., Appellee.**

Superior Court of Delaware,
Sussex County.

Submitted Nov. 16, 1979.
Decided Dec. 4, 1979.

---

David A. Copus, and Donald R. Crowell, II, of Pepper, Hamilton & Scheetz, Washington, D. C., David H. Williams, of Morris, James, Hitchens & Williams, Wilmington, for appellant.

Andrew J. Gowa, of Blank, Rome, Comisky & McCauley, Philadelphia, Pa., Michael J. Rich, of Dunlap, Holland, Eberly & Rich, Georgetown, for appellee.

Gary A. Bryde, Wilmington, for Equal Unemployment Review Bd.

## OPINION

TEASE, Judge.

A preliminary legal question raised in this case is whether a Federal Court action filed by the U. S. Secretary of Labor under the Age Discrimination in Employment Act "supersedes" a state action that raised the same issue and had been concluded by the Delaware Equal Employment Review Board before the federal action was filed.

On September 15, 1976, after years of continuous employment with National Cash Register Corporation (NCR), Gordon E. Riner (Riner), age 52, was fired from his job as an industrial engineer at NCR's Millsboro facility. Riner timely filed a complaint against NCR and conciliation efforts with NCR continued for over a year, without success. On April 21, 1978, the Equal Employment Review Board of Delaware (Board), following a hearing on the charges of age discrimination, ruled that NCR had in fact discriminated against Riner. NCR appealed that finding to this Court.

On January 11, 1979, the United States Secretary of Labor (the Secretary) filed a separate and distinct action (federal action) in the United States District Court for the District of Delaware alleging that NCR had engaged in age discrimination in violation of the federal Age Discrimination in Employment Act (ADEA). *Marshall v. NCR Corporation*, C.A. No. 79–18 (D.Del.1979).

After the federal action was filed, NCR filed a motion to dismiss the instant appeal

on the ground that the facts, law and allegations of the federal action and Riner's state action were identical, and that the federal action should take priority as a matter of law.

In what is apparently a case of first impression in Delaware, and possibly the federal forum, this Court must decide (1) whether this appeal is superseded by the federal action, and (2) if so, whether "supersede" as used in Section 14(a) of ADEA and 29 U.S.C. § 633(a), equates with a dismissal or a stay of the state action.

An examination of ADEA's legislative history suggests that Congress was aware of prior state age discrimination legislation and intended to preserve state machinery as the first resort of an alleged victim. *Hadfield v. Mitre Corp.*, 459 F.Supp. 829 (D.C. 1978).

In commenting on this intention, the Court in *Simpson v. Alaska State Commission for Human Rights*, 423 F.Supp. 552 (D.C.1976), noted:

". . . The FADEA itself . . . expressly anticipates and encourages State regulation. 29 U.S.C. § 633(a) specifically states that federal law will not affect the jurisdiction of state agencies performing like functions and 29 U.S.C. § 633(b) gives state proceedings some priority over federal actions in the area."

And, while any deference that the federal act gives to the State is only a period of "respectful but modest deference", *Pacific Maritime Association v. Quinn*, 465 F.2d 108 (9th Cir. 1972), nevertheless the deference requirement is there, and was reiterated in *Bertsch v. Ford Motor Co.*, 415 F.Supp. 619 (D.C.1976) when the Court held:

". . . the fact that the state proceedings need not be concluded (citation omitted) and may be stayed does not detract from the mandatory requirement that they be commenced.

This requirement has been upheld in *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979), where Mr. Justice Brennan, at 764, 99 S.Ct. at 2075, states:

"No reason suggests itself . . . why an employee would wish to forego an available state remedy . . . Unless § 14(b) is to be stripped of all meaning, state agencies must be given at least some opportunity to solve problems of discrimination." (See also, *Bertrand v. Orkin Exterminating Co., Inc.*, 419 F.Supp. 1123 (D.C.1976) [reflecting the Congressional intent to preserve federal-state comity].)

 Thus, under ADEA the complaint must first be filed with the State. Not only did Riner file his action with the State, but he pursued it to a final, favorable conclusion before the state agency charged with hearing age discrimination complaints and long before the federal action was begun by the Secretary.

Although there is little guidance on what Congress intended "supersede" to mean, *Pandis v. Sikorsky Aircraft Division of U. T. C.*, 431 F.Supp. 793 (D.C.1977) provides the following definition, as used in 29 U.S. C.A. § 633(a):

"Congress has stated in § 633(a) of ADEA that the filing of a federal age discrimination lawsuit . . . supersedes any state action *in process* . . . While the proper interpretation of the word 'supersede' is not completely free from doubt, and no reported cases have construed the passage, the legislative history sheds some light on Congress's intent. In H.R.Rep.No.805, 90th Cong., 1st Sess., reprinted in [1967] U.S.Code Cong. & Admin.News, pp. 2213, 2219, 2224, the House Education and Labor Committee stated that 'commencement of an action under this act *shall be a stay of any State action* previously commenced.' " (Emphasis Added).

The *Pandis* court concluded that if, after the termination of the federal suit, the plaintiff believed that state law would afford remedies not granted in the federal suit:

"he will be free to resume his action . . .".

 Therefore, "supersede", as used in Section 14(a) of ADEA and 29 U.S.C.

§ 633(a), means to "stay" and not to "dismiss", as NCR urges.

With that determination made, the Court must now decide whether the instant appeal must be stayed or should proceed on its merits.

In that regard, it is significant that *Pandis* points out that a State action "in process" is superseded. In the instant appeal, Riner had fully adjudicated his case on the merits before the Board and the Board had issued a final order in Riner's favor.

While no cases were found construing the word "action" in connection with ADEA or Title 29 of the U.S.Code, several authorities dealing with similar areas were found.

In Black's Law Dictionary (Revised 4th Ed.), "action" is defined as:

". . . terminating with the giving of judgment, the execution forming no part of it. (Litt. § 504; Co.Litt. 289a.) So, an action is termed by Lord Coke, the '*right* of a suit.' (2 Inst. 40) Burrill." (Emphasis in original).

The term "final action" under the Workman's Compensation Act means an order or award by the commission in a matter then before it. *Great American Ins. Co. v. Havenner*, Md.App., 33 Md.App. 326, 364 A.2d 95 (1976).

In *San Francisco Unified School District v. Hong Mow*, Cal.App., 123 Cal.App.2d 668, 267 P.2d 349 (1954), the Court held that "action" as used in a statute authorizing the trial court to stay all actions until conclusion of the litigation "do not include appeals." See also, *King v. State*, Md.App., 5 Md.App. 652, 249 A.2d 468 (1969), and *Reichman v. Franklin Simon Corp.*, D.C. App., 392 A.2d 9 (1978).

■ Therefore, this Court finds that "action", as used in § 14(a) of ADEA, refers to a trial on the merits and does not encompass appeals.

As Mr. Justice Brennan stated in *Oscar Mayer, supra*:

"§ 14(b) . . . is intended to screen from the federal courts those discrimination complaints that might be settled . . . in state proceedings."

■ A dismissal or stay of this action would result in federal litigation of the entire issue on the merits for a second time. A common sense reading of the language of ADEA and the cases indicates that Congress had no such intention. Had the federal action been filed prior to the Board's resolution of this matter, a different result may have been appropriate. At this appeal stage, however, the matter should not be stayed. It Is So Ordered.

Counsel will submit a brief schedule on the merits of the appeal forthwith.