[S. F. No. 12735. In Bank.—February 8, 1929.]

LOTTA A. SHIPLEY, Appellant, v. JOHN B. JORDAN et al., Respondents.

C. F. Lacey for Appellant.

J. A. Bardin and J. T. Harrington for Respondents.

WASTE, C. J.—The plaintiff appeals from a judgment refusing to enjoin, temporarily or permanently, the defendants, who are the trustees of Carmel-by-the-Sea, a municipal corporation, and trustees under the will of Ella Reid Harrison, deceased, from an alleged unauthorized expenditure of a $20,000 trust fund for the erection of a library building upon property devised to the city for that purpose, and to be known as the "Ralph Chandler Harrison Memorial Library." Plaintiff alleges that the city trustees, disregarding the terms of the trust, intend to construct a nonfireproof frame building instead of a "fireproof construction and of Spanish style of architecture."

In their answer the defendants admit that, as trustees under the will of Mrs. Harrison, they intend to expend the sum of $20,000 in the construction of "a frame-stucco building, with a tile roof, and of architecture suggestive of the Spanish," but deny that the proposed construction is contrary to the terms upon which the trust fund was bequeathed

and distributed. They specifically plead that portion of the decree of distribution in the estate of Mrs. Harrison which distributes to the board of trustees of the city of Carmel-by-the-Sea twenty $1,000 bonds, certain real property in that city, a large number of books, etchings, curios and furniture, as follows: ''In trust to said Board of Trustees of the City of Carmel-by-the-Sea, and its successors, for the following eleemosynary purposes, namely: to build, construct, equip and maintain a public library building and to conduct and maintain a library service in the City of Carmel-by-the-Sea, with and by the property hereby distributed and the proceeds, issues and profits thereof, for the use, benefit and upon behalf of the people, generally, of the City of Carmel-by-the-Sea, which said public library building shall be known as 'Ralph Chandler Harrison Memorial Library.' ''

On the trial of the cause this decree was introduced in evidence. Certain evidence, including the will of Mrs. Harrison, was offered by the plaintiff as explanatory of the testator's intentions and the nature of the trust. The testimony was objected to by the defendants on the ground that it was incompetent, irrelevant and immaterial and offered for the purpose of impeaching and varying a decree of partial distribution, and not within the issues. The objection was sustained. Injunctive relief was denied. The correctness of the court's ruling in regard to the proffered testimony presents the only question for consideration on this appeal.

The ruling of the trial court excluding the evidence was correct, and the judgment must be affirmed. The decree of distribution is the instrument by virtue of which the defendants have received the property in trust for the city. Their powers and duties in regard to that property are to be measured by its terms. (*Goad* v. *Montgomery,* 119 Cal. 552, 557 [63 Am. St. Rep. 145, 51 Pac. 681].)

There seems to be some uncertainty as to whether or not the will was actually admitted in evidence. Whether it was or not does not change the situation. The will was merely evidence before the court sitting in probate when it was called upon to determine how the estate should be distributed, but upon the entry of the decree of distribution that decree became the measure of the rights of the parties interested in the estate, and the will was entitled to no

further consideration for that purpose except upon a direct appeal from the decree. (*In re Trescony*, 119 Cal. 568, 570 [51 Pac. 951].)

The judgment is affirmed.

Richards, J., Shenk, J., Seawell, J., Curtis, J., Preston, J., and Langdon, J., concurred.