[L. A. No. 25724. In Bank. May 22, 1961.]

Estate of FRED H. BIXBY, Deceased. FRED H. BIXBY, JR., Appellant, v. SECURITY FIRST NATIONAL BANK (a National Banking Association), as Trustee, etc., et al., Respondents.

Stanley N. Gleis for Appellant.

Lawler, Felix & Hall, William T. Coffin, John G. Wigmore and Sherman Anderson for Respondents.

WHITE, J.—Fred H. Bixby, Jr., the life income beneficiary of a testamentary trust, appeals from those provisions of the Order Settling the First Account Current and Report of Administration of Security First National Bank, Trustee, and which he designates as follows: "1. From the order overruling the objections and further objections of Fred H. Bixby, Jr.; 2. From the order settling, approving and confirming the Trustee's First Account current and Report of Administration in regard to the following: (a) The allocation to principal by the Trustee of 27½ per cent of the oil royalties received by the Trustee; (b) The retention by the Trustee of 3590 shares of Fred H. Bixby Ranch Co. stock and the Trustee's failure to sell said shares of stock and invest the proceeds from said sale in assets that will yield reasonable income. 3. The failure of the court to remove Security First National Bank as Trustee."

Fred H. Bixby, Sr., died on May 17, 1952, leaving a will dated April 19, 1949. The main asset of his estate consisted of stock in the Fred H. Bixby Company. The major assets of this company were stock in the Bixby Ranch Company and oil royalty interests. After a provision for the widow, the will set up four identical residuary trusts, each for the benefit of one of the testator's four children. Appellant's three sisters were named cotrustees of their trusts. The instant litigation involves only the trust of which Fred H. Bixby, Jr. (hereinafter referred to as the appellant) is the sole income beneficiary during his life. The will provides that upon the death of a life beneficiary of any of the trusts, the corpus will go to augment the trust funds of those other testamentary trusts wherein there is a surviving life beneficiary; upon the death of the testator's last surviving child, the corpus of the trust in which that child was the beneficiary will be distributed to the then living grandchildren of the testator.

During probate the Fred H. Bixby Company was dissolved and the assets were distributed in kind to the trustees. The principal assets of the corpus of each trust are oil royalty interests and stock in the Bixby Ranch Company.

Appellant's trustee, and the trustees of the other trusts, have treated the oil royalty interest as it is treated under the

common-law rule: as a wasting asset, and have allocated 27½ per cent of oil royalty receipts to principal, with the balance going to appellant as income. Section 730.12 of the Civil Code (Principal and Income Law) provides that property subject to depletion, which includes oil royalties (*Estate of Broome*, 166 Cal.App.2d 488 [333 P.2d 273]), shall be treated as income and paid to the life beneficiary.

The trustee contends that *Estate of Bixby* (158 Cal.App. 2d 351 [322 P.2d 956]) is "the law of the case," and that the trial court's order was therefore proper. However, in *Estate of Bixby*, the issue litigated was whether the *executor* of Mr. Bixby, Sr.'s estate should be ordered to determine what was principal and what was income before distributing the estate to the trustees. The court there properly held merely that it was not necessary for the executor to make this determination since the will gave the trustees power to determine what was principal and what was income. There was no discussion whatsoever of the exercise of the discretion granted the trustee, which is the crucial question in the case at bar. The court there concluded by stating, "If the trustee should abuse his discretion [the beneficiary] has a ready and effective remedy." (158 Cal.App.2d 351, 366.)

Appellant contends that his trustee did abuse its discretion in making the aforesaid allocation: that the trustee acted arbitrarily, not in accordance with the testator's intent and did not exercise reasonable judgment.

The will with which we are here concerned gave the trustee power "To determine what is principal and what is income of the Trust Estate and what items should be charged or credited to either. . . ."

Appellant relies on *Estate of Heard*, 107 Cal.App.2d 225 [236 P.2d 810, 27 A.L.R.2d 1313], wherein the court held that the identical language gave the trustee general rather than absolute discretion which could be exercised only as to those receipts about which there was honest and reasonable doubt as to their character. The trustee was there held to have acted arbitrarily and to have abused his discretion in allocating stock dividends to principal since the rule prevailing in California at that time classified them as income.

The trust in the Heard case was established before the enactment of the Principal and Income Law (Civ. Code, §§ 730-730.15), while Mr. Bixby's will was executed and the trusts established after that statute was enacted. It is necessary, therefore, to determine whether the rule in the Heard

case has been affected by the enactment of the Principal and Income Law.

Civil Code, section 730.04, of the Principal and Income Law provides: "This chapter shall govern the ascertainment of income and principal, and the apportionment of receipts and expenses between tenants and remaindermen, in all cases where a principal has been established with . . . the interposition of a trust; except that in the establishment of the principal provision may be made touching all matters covered by this chapter, and the person establishing the principal may himself direct the manner of ascertainment of income and principal and the apportionment of receipts and expenses *or grant discretion to the trustee or other person to do so, and such provision and direction, where not otherwise contrary to law, shall control notwithstanding this chapter.* . . ." (Emphasis added.)

The Principal and Income Law governs the ascertainment of income and principal then, unless the trust instrument contains a provision differing from a matter covered by this chapter, or the trustor directs the "manner of ascertainment of income and principal" or grants "discretion" to the trustee to do so.

[■■] The testator is thus now able to empower his trustee to make determinations contrary to "existing law"—i.e., the provisions of the Principal and Income Law characterizing the nature of trust receipts, and the rule of *Estate of Heard, supra,* 107 Cal.App.2d 225, is no longer controlling. When the provisions of the will and trust agreement in the litigation now engaging our attention are considered in their entirety, it is manifest that the testator so empowered his trustee by investing it with "power to determine what is principal and what is income."

Section 730.04 of the Civil Code, *supra,* further provides: "The exercise by the trustee or other designated person, of such discretionary power if in good faith and according to his best judgment, shall be conclusive, irrespective of whether it may be in accordance with the determination which the court having jurisdiction would have made."

The next question presented is whether the trustee in making the challenged allocation exercised its discretion "in good faith and according to his best judgment."

Appellant asserts that the aforesaid allocation was an abuse of discretion because in so doing, the trustee failed to carry out the testator's intent. Mr. Bixby, Sr., he argues,

left all the income from the trust to the *income* beneficiary; that since the testator had always treated oil royalty receipts as income during his life, he fully intended and expected that the trustee would so treat them and pay the entire amount of such receipts to appellant.

■ The testator's intent is to be construed from the instrument as a whole. (*Brock* v. *Hall*, 33 Cal.2d 885, 887 [206 P.2d 360, 11 A.L.R.2d 672].) ■ The instant trustee was vested with the following powers and discretion, among others: "(a) To hold any property at any time constituting a part of the trust estate so long as the Trustees may deem it advisable to so do; . . . (f) To determine what is principal and what is income of the trust estate and what items should be charged or credited to either; to accumulate the income of the trust estate to such extent as the Trustees, in their absolute discretion, think necessary or advisable to provide for the maintenance, protection or improvement of the trust estate, or any part thereof, or to discharge any lien or encumbrance to which the trust estate, or any part thereof, may be subject, or to repay any advances made by the Trustees or any loan which the Trustees may negotiate; (j) To have respecting securities, all the rights, powers and privileges of an owner, . . ."

We are persuaded by a reading of the above provisions and the testator's will in its entirety that Mr. Bixby, Sr. plainly intended that the lawful issue of the body of each of his four children, his grandchildren, were to share per capita in his estate. Otherwise he would not have made his four children life beneficiaries but, on the contrary, it is reasonable to assume that he would have given the entire estate to his children outright without the intervention of a trust. The whole purpose of the four trusts was to preserve a substantial or major part of his trust estate for his lineal descendants beyond his four children. It is apparent, therefore, that the trustee's allocation to principal was in accordance with a reasonable construction of the testator's intent, and not contrary to it, and was not an abuse of its discretion for this reason.

Furthermore, the trustee's determination to make the 27½ per cent allocation of oil royalty receipts to principal cannot be said to have been made arbitrarily or not in its best judgment when it followed consultation with the trustee's own legal counsel and its own firm of attorneys. The evidence amply supports the trial court's finding that ". . . said Trus-

tee in administering the Fourth Trust exercised the powers and discretions vested in it reasonably, in good faith and in accordance with its best judgment. . . .''

■ Appellant next challenges the retention by the trustee of the Fred H. Bixby Ranch Company stock. That this stock is a major asset of the corpus is manifest. It is composed of valuable stocks, cash and extremely valuable ranch land in southern California. Appellant insists that the trustee is not acting in good faith or considering the former's best interests as an income beneficiary in refusing to comply with the latter's request to sell the Bixby Ranch Company stock since the dividends on this stock have been less than one per cent per annum of its value.

Mr. Williams, the trust officer of Security First National Bank, in charge of the instant trust with which we are here concerned, testified that the stock of the Bixby Ranch Company has a potential asset value of some $200 per share, and that the company is presently engaged in a program for the improvement and development of certain of its properties which should result in a material augmentation of its annual income; that the prospects are not only that the assets of the Ranch Company will continue to increase in value but that, as and when the development program is consummated, its annual revenue and dividend paying ability will be substantially increased.

Furthermore, under the will and paragraph seven of the decree of preliminary distribution rendered under date of December 30, 1954, it appears that the trustee was clothed with the power: ''(a) To hold any property at any time constituting a part of the trust estate so long as the Trustees may deem it advisable to so do.''

Under the foregoing circumstances, the finding of the trial court that the trustee's conclusion to retain the stock of the Bixby Ranch Company was a reasonable and proper exercise of its discretion is amply supported by the evidence. That in its decision to retain the stock the trustee did not breach its duty is indicated not only by the trustor's authorization, but by the fact that this is a closely held family corporation, and the testator may well have intended that the Bixby Ranch Company stock be held for the benefit of the remaindermen—his grandchildren.

■ Appellant's contention that no part of the oil and gas development costs should be charged against income is without merit in view of the fact that the trustee was given

power "To . . . lease . . . for any purpose, including exploration for and removal of gas, oil and other minerals . . . on such terms and conditions as the Trustee shall deem advisable. . . ." and "To pay from the gross income of the Trust estate, or from the principal thereof should the Trustee deem that necessary . . . all costs, charges . . . and other expenses incurred in connection with . . . the management, care, administration or distribution of the trust estate. . . ."

[█ Finally, appellant complains of the failure of the trial court below to remove Security First National Bank as trustee. That the superior court is invested with authority to remove a trustee may be conceded. (Civ. Code, § 2283; *Estate of Keyston*, 102 Cal.App.2d 223 [227 P.2d 17] ; *Estate of Baird*, 135 Cal.App.2d 343 [287 P.2d 372].) But this is a power that the court should not lightly exercise, and whether or not such action should be taken, as pointed out in the cases just cited, rests largely in the discretion of the trial court. █ Furthermore, the court will not ordinarily remove a trustee appointed by the creator of the trust. (*Estate of Brown*, 22 Cal.App.2d 480, 486 [71 P.2d 345].)

█ In the instant case, appellant did not plead any facts justifying removal of the trustee, and we search in vain for any evidence in the record indicative of unfitness or lack of integrity on the part of the trustee bank. A testamentary trustee is a legatee and devisee under the will, and unless a disqualification clearly appears the court should not remove such a trustee. That there was no abuse of discretion by the trial court is shown in the action taken by the trial court herein denying appellant's request to remove the trustee.

For the foregoing reasons, the order appealed from is affirmed.

Gibson, C. J., Traynor, J., Schauer, J., McComb, J., Peters, J., and Dooling, J., concurred.