[Civ. No. 10637. Third Dist. Nov. 18, 1963.]

Estate of NELLIE C. GANSNER, Deceased. RAYMOND STIVERS, Claimant and Appellant, v. GEORGE GANSNER et al., Claimants and Respondents.

---

James I. Harkins and Lloyd W. Wilson for Claimant and Appellant.

Alan H. Thieler and James L. King for Claimants and Respondents.

SCHOTTKY, J.—This is an appeal from an order of the trial court determining heirship in a proceeding brought by appellant, Raymond Stivers, pursuant to section 1080 of the Probate Code.

Frederick G. Gansner and Nellie C. Gansner were husband and wife. Frederick Gansner died intestate in November 1954, leaving both community property and property held in joint tenancy with Nellie. The property went to Nellie through the laws of intestate succession and by the right of survivorship. Nellie died testate on December 15, 1959. Her will, which was executed on January 22, 1954, prior to her

husband's death, was prepared by an attorney of 45 years' experience. Paragraphs Seventh, Eighth and Ninth of her will are involved in this appeal. They provide as follows:

## "SEVENTH.

"I hereby devise and bequeath all my interest in the community property of myself and my said husband, to my said husband, F. G. Gansner; and any thereof remaining after the death of my said husband I hereby devise and bequeath to Katherine Irene Sharp, my niece, residing at Winters, California, and to Raymond Stivers, my nephew, residing at Stockton, California, share and share alike."

## "EIGHTH.

"I hereby devise and bequeath to my said husband, F. G. Gansner, all of my separate property and all property standing in my name alone, to have and to hold for the remainder of his life and, upon his death, the same to go to said Katherine Irene Sharp and to Raymond Stivers, share and share alike."

## "NINTH.

"In the event my said husband, F. G. Gansner, does not survive me I hereby devise and bequeath all of my interest in the community property of myself and my said husband and all of my said separate property to my said niece, Katherine Irene Sharp, and to my said nephew, Raymond Stivers, share and share alike, and all property that I may inherit from my said husband, F. G. Gansner, either community property or separate property of my said husband, I hereby devise and bequeath to George Gansner, residing at Arcadia, California, and Freda Hodge, residing at Redlands, California."

The will was admitted to probate in January 1960. In August 1961 appellant initiated this heirship proceeding. Trial was had without a jury. The court held that pursuant to paragraph Ninth George Gansner and Freda Hodge, the nephew and niece respectively of Frederick Gansner, and appellant and Katherine Sharp, the nephew and niece respectively of Nellie Gansner, were entitled to equal shares of the property Nellie had owned with Frederick either as community property or joint tenancy property.

Appellant Stivers contends that George Gansner and Freda Hodge are not entitled to half of the property Nellie held as community property with Frederick Gansner. Appellant argues that one one-half interest in the community property Nellie owned as the wife was separately identifiable from the one-half interest Frederick owned as the husband

and which went to Nellie on Frederick's death. Appellant argues that under paragraph Ninth George Gansner and Freda Hodge were entitled to share only what was left of Frederick's half of the community property on Nellie's death. The contention is without merit. ■ The interest of the spouses in community property is equal. (Civ. Code, § 161a.) This is necessarily an undivided interest. ■ Frederick Gansner had no separately identifiable share of the community property which could now be given to George Gansner and Freda Hodge. The trial court correctly determined that they were entitled to share one-half of all property in the estate which had been the community property of Frederick and Nellie Gansner.

■ Appellant also contends that since Nellie's bequest to George and Freda in paragraph Ninth was limited to "property that I may inherit from my husband," they are not entitled to share in the joint tenancy property. Since Nellie took the property by right of survivorship, she did not "inherit" it. (26A C.J.S., Descent and Distribution, § 1, subd. d, p. 515.) Appellant argues that because an experienced lawyer drew the will the word "inherit" should be accorded its strict technical sense. (*Estate of Carter*, 47 Cal. 2d 200, 205 [302 P.2d 301]; *Estate of Rutan*, 119 Cal.App.2d 592, 598 [260 P.2d 111]), and George and Freda should be denied a share of the joint tenancy property.

We think the court was justified in construing the word "inherit" broadly to include the joint tenancy property. ■ "In the construction of wills the paramount rule, to which all others must yield, is that a will is to be construed according to the intention of the testator, as expressed therein, and this intention must be given effect as far as possible." (*Estate of Lawrence*, 17 Cal.2d 1, 6 [108 P.2d 893]; *Estate of Rutan, supra.*) ■ A will is to be construed as a whole to determine the testator's intent. (Prob. Code, § 103; *Estate of Bixby*, 55 Cal.2d 819, 824 [13 Cal.Rptr. 411, 362 P.2d 43]; *Estate of Warner*, 183 Cal.App.2d 846, 854 [7 Cal.Rptr. 319]; 4 Page on Wills, § 30.10, p. 67.) ■ The intent of the testator is determined as of the date of the execution of the will. (*Estate of Helfman*, 193 Cal.App.2d 652, 655 [14 Cal.Rptr. 482]; *Estate of Turney*, 101 Cal.App. 2d 720, 726 [226 P.2d 80]; 4 Page on Wills, § 30.26, p. 160.) ■ An examination of paragraphs Seventh, Eighth and Ninth shows that Nellie intended half of the joint tenancy property to go to George and Freda.

In paragraph Ninth, under which appellant claims all the joint property for himself and Katherine Sharp, Nellie bequeathed all her separate and community property to appellant and Katherine. Nellie clearly did not intend to give appellant and Katherine all the joint tenancy property by this bequest. At the time Nellie executed her will, she did not own all the joint tenancy property. Furthermore, it was not subject to testamentary disposition at that time. Even if Nellie thought the joint tenancy property was partly her separate or community property over which she had testamentary control, it is obvious that she only intended appellant and Katherine to take one-half of it.

It is apparent that Nellie wanted the joint tenancy property divided between her heirs and her husband's heirs. By paragraphs Eighth and Ninth Nellie provided that her separate property should go to appellant and Katherine either on her death if she survived her husband, or after her husband's death if she predeceased him. By paragraphs Seventh and Ninth Nellie made the same provision for her half of the community property. Her husband's half of the community property and all his separate property were to go to George and Freda. Nellie's obvious scheme was to give to appellant and Katherine all the property she owned separately and one-half of the property she owned together with her husband. She intended her husband's half of the mutually owned property to go to George and Freda. ▆ By construing "inherit" to include the joint tenancy property, the trial court carried out Nellie's obvious intent to divide between her heirs and her husband's heirs that property which they owned together. The trial court's interpretation was quite proper, notwithstanding the fact that the will was prepared by an experienced lawyer. ▆ As was said in *Estate of Puett,* 1 Cal.2d 131, at page 133 [33 P.2d 825]: "It is generally recognized that a testamentary instrument is to be examined with a view to discovering the decedent's testamentary scheme or general intention, and that the apparent meaning of particular words, phrases and provisions is to be subordinated to this scheme, plan or dominant purpose. The technical import of words should not prevail over the obvious intent of the testator." (See also *Estate of Rutan, supra.*)

The judgment is affirmed.

Pierce, P. J., and Friedman, J., concurred.