[Civ. No. 23986.   First Dist., Div. Four.   July 25, 1968.]

DOROTHIE Z. KAISER, as Trustee, etc., Plaintiff and Appellant, v. MAURICE E. GIBSON, SR., as Executor, etc., Defendant and Respondent.

Wilkie C. Courter for Plaintiff and Appellant.

Richard J. Archer, Douglas C. White, and Morrison, Foerster, Holloway, Clinton & Clark for Defendant and Respondent.

CHRISTIAN, J.—In a holographic will, Ronald Kennedy left half the residue of his estate to his widow, Alice; the other half was left in trust for his daughter, Kathleen, upon the following terms:

1. The corpus was not to be delivered to Kathleen until 10 years after testator's death;

2. During the 10-year period the income of the trust was to be paid to Kathleen;

3. In the event of Kathleen's death during the 10-year period, it was provided that the trust assets should vest in testator's widow, Alice;

4. The will provided that the trustee shall "have full power to manage said trust estate as the best interests of the beneficiary thereof seem, the said Trustee shall have full power to settle all questions arising hereunder with respect to the execution of said trust; and the determination of said Trustee in said matters shall be binding upon all parties interested therein."

The will was executed in 1930; testator died in 1955, and the following year appellant Dorothie Z. Kaiser was appointed trustee and received in distribution from testator's probate estate one-half the residue thereof made up largely of corporate stocks. Under the trust provisions we have reviewed above, appellant held the securities, paying the income to Kathleen periodically. During Kathleen's lifetime, but before the expiration of the 10-year period during which the trust was to be continued in effect, two corporations whose stock comprised most of the assets held in trust were liquidated. Appellant thereupon received, on various dates in 1961 and 1962, sums totaling $508,606.23.

Kathleen died on November 27, 1962, before the 10-year period expired. Her will named appellant executrix and sole beneficiary. The widow Alice survived; accordingly, appellant presented to the probate court a final account as trustee, and petition for distribution, reciting that the liquidation proceeds and certain other assets constituted the trust corpus; distribution to Alice as the surviving remainderman was prayed. The account was prepared for appellant and presented to the court by her attorney, Maurice E. Gibson, who is the respondent before us. He took the precaution of serving upon appellant in her capacity as executrix of Kathleen's estate a copy of the account, and a notice of hearing. The court approved the account, found that $521.08 held by the trustee was income accrued during Kathleen's lifetime and was hence an asset of her estate, and directed that after payment of certain costs the remainder of the trust estate be vested in Alice because it was trust corpus which had never passed to Kathleen in view of her death before the end of the 10-year period during which her enjoyment of the trust was postponed.

Appellant thereafter attempted to prevail upon Alice to return the whole amount representing the two corporate liquidations, on the theory that it was income which should have been paid to Kathleen and hence should be held subject to administration in her estate. These attempts failed. The widow Alice died in 1964; the very same attorney, Maurice E. Gibson, who had conducted the proceedings for terminating and distributing the trust, emerged as the executor and apparently a major beneficiary of the widow Alice's will. The present action to recover the corporate liquidation proceeds from Alice's estate followed. Appellant's complaint alleges that during Kathleen's lifetime appellant declared the liquidation

322

proceeds to be income but upon Gibson's advice "mistaktakingly" made distribution to Alice as contingent remainderman.[1]

Respondent's general demurrer was sustained on grounds that the Ronald Kennedy will did not empower appellant as trustee to deviate from the Uniform Principal and Income Act[2] and that the decree settling the trustee's accounts and providing for distribution of the assets was res judicata. A judgment of dismissal followed.

Under Civil Code, section 730.05, subdivision (2), part of the Uniform Principal and Income Act (now Civil Code, sections 730.03, subdivision (b) (4); 730.06, subdivision (b) (3)), liquidation proceeds are to be treated as corpus unless "the person establishing the principal . . . himself direct[s] the manner of ascertainment of income and principal . . . or grant[s] discretion to the trustee or other person to do so, . . ." (Civ. Code, § 730.04, revised by Civ. Code, § 730.02, subd. (b).)

Thus there is no question that the settlor may give the trustee discretion to determine the principal or income of the trust. (*Estate of Bixby* (1961) 55 Cal.2d 819 [13 Cal.Rptr. 411, 362 P.2d 43].) The crucial issue is what language is necessary to grant such discretion. Here it was alleged "That by the terms of said testamentary trust established by the said decree of final distribution in the estate of Ronald Clark Kennedy, deceased, it was further provided that the Trustee thereof shall have full power to manage the said trust in the best interest of the beneficiary and shall have full power to settle all questions arising thereunder with respect to the execution of said trust which included the power and duty to declare what portions of the assets of said trust estate were principal and what portions were income." However the court, upon respondent's request, took judicial notice of the decree of distribution in the estate of Ronald C. Kennedy wherein it was stated "that, during the existance of said trust *my said Trustee shall, have full power to manage said Trust estate as the best interests of the beneficiary thereof seem, the said Trustee shall have full power to settle all questions arising hereunder with respect to the execution of said trust; and the determination of said Trustee in said matters shall be*

---

[1] The foregoing narrative is derived from the complaint and from documents in the files of the probate court which were judicially noticed in connection with ruling on the demurrer.

[2] Civil Code, section 730 et seq., later revised in Stats. 1967, ch. 1508, § 2 (2.5).

*binding upon all parties interested therein: . . ."* (Italics added.)

It was proper for the court to take judicial notice of the prior decree even though appellant's complaint did not refer to it. (*Flores* v. *Arroyo* (1961) 56 Cal.2d 492 [15 Cal.Rptr. 87, 364 P.2d 263]; *Watson* v. *Los Altos School Dist.* (1957) 149 Cal.App.2d 768 [308 P.2d 872].) █ The decree of distribution defines and limits the powers of a trustee of a testamentary trust. (*Shipley* v. *Jordan* (1929) 206 Cal. 439 [274 P. 745].) Here the decree did not mention either principal or income. We have found no case in which it has been held that the trustee is empowered to determine principal and income in derogation of the statute where the trust has not specifically provided that the trustee should have that power. (Cf. *Estate of Bixby, supra,* 55 Cal.2d 819, 822; *Estate of Tynan* (1954) 129 Cal.App.2d 364, 369 [276 P.2d 809]; *Estate of Heard* (1951) 107 Cal.App.2d 225, 226-227 [236 P.2d 810, 27 A.L.R.2d 1313], disapproved on other grounds, *Estate of Bixby, supra*; *Estate of Jacks* (1947) 80 Cal.App.2d 562, 563 [182 P.2d 605]; Note (1953) 27 A.L.R.2d 1323.)

The basic consideration, of course, is to give effect to the trustor's intention if it can be ascertained from the instrument creating the trust. █ Appellant contends that the general language of the will empowering the trustee to "settle all questions hereunder with respect to the execution of said trust" implies a grant of power to declare that these large liquidations of capital constituted income. We think that contention would likely have surprised the testator greatly; it seeks to infer a grant of power comparable to a power of appointment from language which, read in context, appears to have been intended as a somewhat general grant of administrative authority. █ Moreover, when cash is received in liquidation of stock which constitutes a major asset of the trust, no reasonable "question" is presented for determination as to the character of the proceeds; in the absence of some special circumstance, not appearing here, such proceeds are manifestly principal, or corpus, and it was the trustee's lawful duty to reinvest the proceeds prudently, continue to pay the total income of the trust to Kathleen, and distribute the corpus as directed in the will upon expiration of the 10-year period, or upon Kathleen's earlier death.

We conclude that appellant has failed to allege effectively that she was mistaken in delivering the liquidation proceeds to Alice as trust corpus. This conclusion adequately supports

the judgment without regard to the res judicata issue.

The judgment is affirmed.

Devine, P. J., and Rattigan, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 18, 1968.